UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN L. ANDERSON, | : Case No. 2:22-cv-4428 |
| Plaintiff, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Stephanie K. Bowman |
| MONROE COUNTY CORRECTIONAL FACILITY, et al., | : **REPORT AND RECOMMENDATION** |
| Defendants. | : |

Plaintiff, a prisoner at the Noble Correctional Institution, has filed a pro se civil rights complaint in this Court. (*See* Doc. 1). By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against defendants the Monroe County Correctional Facility, Lt. Philip Childress, Major Rick Shipp, Dr. Ron Williamson, Dr. John E. Cain, and Nurse Heather Johnson. (Doc. 1-1, Complaint at PageID 10). Plaintiff alleges in 2021 and 2022 his constitutional rights were violated in connection with mental health and dental care at the Monroe County Jail. Specifically, plaintiff claims that he was "not provided with the right mental health care" or "proper mental health meds." (*Id.* at PageID 11). Plaintiff similarly alleges

3

that he was not provided with "proper dental health care" for several months. Plaintiff claims that defendant Dr. Cain used far more force than necessary to extract four teeth and undertook treatment that should have been performed by a specialist. (*Id.*). According to plaintiff, Dr. Cain's treatment amounted to medical malpractice. Plaintiff further alleges that defendant Dr. Williamson provided him with the wrong mental health treatment and would not provide him with antibiotics for his teeth, which he claims were swollen and infected at the time.

According to plaintiff, all medical issues were reported to and treated by defendant Nurse Heather Johnson. Without factual elaboration, plaintiff alleges that she "did not do her job the right way." (*Id.*).

Plaintiff also claims that defendant Lt. Childress, who he claims was responsible for setting up appointments with Dr. Cain, delayed his appointments on several occasions. Plaintiff further claims that Lt. Childress did not respond to plaintiff's grievances informing him of his medical issues. Finally, plaintiff claims that defendant Major Rick Shipp "is allowing the neglect of inmates health to not follow jail protocol by whatever subcontractors they have working on inmates." (*Id.* at PageID 12).

C. **Analysis**

Plaintiff's complaint is subject to dismissal at the screening stage.

As an initial matter, the complaint should be dismissed as to defendant Monroe County Correctional Facility. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922,

4

923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). Accordingly, the Monroe County Correctional Facility should be dismissed as a defendant to this action.

Plaintiff has also failed to state an Eighth Amendment claim in connection with his allegation that he was not provided with the correct dental or mental healthcare. In order to state a claim for relief under 42 U.S.C. § 1983 concerning a denial of medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. Plaintiff must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5. Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*,

429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

As noted above, in this case plaintiff claims that defendant Cain did not provide him with "proper" dental care and Cain's provided treatment amounted to medical malpractice. He similarly argues that defendant nurse Johnson "did not do her job the right way" and Dr. Williamson "gave [him] the wrong mental health treatment." (Doc. 1-1, Complaint at PageID 11). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake*, 537 F.2d at 860 n. 5. It is well-settled that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle,* 429 U.S. at 105-106. Plaintiff's allegations of negligent treatment or malpractice do not rise to the level of deliberate indifference under the Eighth Amendment.[2] Accordingly, plaintiff's allegations that defendants did not provide him with the proper treatment or committed malpractice should be dismissed for failure to state a claim upon which relief may be granted.

---

[2] The undersigned's opinion is not altered by plaintiff's conclusory claims that defendant Childress delayed his doctor appointments or that defendant Shipp allegedly denied plaintiff medical files. Plaintiff's conclusory assertions devoid of factual enhancement are insufficient to suggest that defendants violated his constitutional rights. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Finally, plaintiff claim that defendants failed to respond to his grievances or to correct the conduct of others is also subject to dismissal. Plaintiff claims that defendant Lt. Childress failed to respond to his grievances and that defendant Major Shipp failed to ensure subcontractors follow jail policy. (Doc. 1-1, Complaint at PageID 12). To the extent that plaintiff wishes to hold Shipp or any other defendant liable in their supervisory capacity, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo,* 499 F. App'x at 455 (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). Further, "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Absent factual allegations to suggest that Childress or Shipp were deliberately indifferent to plaintiff's medical needs or otherwise directly acted to violate his constitutional rights, the complaint should be dismissed against these defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and plaintiff's pending motion to appoint counsel (Doc. 2) be **DENIED.**

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:  May 3, 2023  　　　　　　　　　　　　　　　　　　*s/Stephanie K. Bowman*　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Stephanie K. Bowman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge