UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brian L. Anderson,

    Plaintiff,

    v.

Monroe County
Correctional Facility, *et al.*,

    Defendants.

Case No. 2:22-cv-4428

Judge Michael H. Watson

Magistrate Judge Bowman

## OPINION AND ORDER

Brian L. Anderson ("Plaintiff") is a prisoner proceeding pro se. He alleges that, while he was a pretrial detainee at the Monroe County Jail, he was denied basic human needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment and his right to due process of law. Compl., ECF No. 1-1. Plaintiff further alleges that various medical providers committed malpractice. *Id.* In addition, he moves for appointment of counsel. Mot. Appoint Counsel, ECF No. 2. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.

On May 4, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") after performing an initial screen of this case pursuant to 28 U.S.C. § 1915A. R&R, ECF No. 5. The R&R concluded that Plaintiff's claims against Monroe County Correctional Facility ("MCCF") should be dismissed because MCCF is not a "person" for § 1983 purposes. *Id.* at 4–5. The R&R also concluded that Plaintiff's Complaint failed to state a deliberate

indifference claim under the Eighth Amendment because it fails to allege more than mere negligence. *Id.* at 5–6. Finally, the R&R recommended dismissing any claims based on Defendants' failure to respond to Plaintiff's grievances or to correct other people's mistakes because inmates have no constitutional right to a grievance procedure and because there is no *respondeat superior* liability under § 1983. *Id.* at 7. Plaintiff timely objected. Obj., ECF No. 6.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court must determine de novo any portion of the R&R that was properly objected to.

Plaintiff's objection is one paragraph in length. *See* Obj., ECF No. 6. Plaintiff's objection asserts that he filed his Complaint "for the purpose of timeliness." *Id.* The objection also states that Plaintiff should have filed his motion for counsel simultaneous with his Complaint. *Id.* He repeats his request for counsel. *Id.*

As an initial matter, the Court notes that, although Plaintiff referenced the Eighth Amendment in his Complaint, and although the R&R analyzed his allegations of deliberate indifference under the Eighth Amendment framework, the Complaint alleges that Plaintiff was a pretrial detainee at the time of the events. Compl., ECF No. 4 ("I Brian L. Anderson was refused access to 'basic human needs' as a 'pre-trial detainee' . . . ."). As such, his deliberate indifference claims should have been analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *E.g., Howell v. NaphCare, Inc.*, 67 F.4th 302 (6th Cir. 2023) ("Both pretrial detainees . . . and convicted prisoners have a constitutional

right to be free from deliberate indifference to their serious medical needs. For a pretrial detainee, the right arises under the Fourteenth Amendment, while a prisoner's right comes from the Eighth Amendment." (citation omitted)). Nonetheless, there is no need to recommit this matter to the Magistrate Judge for an analysis of the Complaint's deliberate indifference claims under the Fourteenth Amendment.

For a pretrial detainee to establish a deliberate indifference claim under the Fourteenth Amendment, he must show: "(1) that he had an objectively serious medical need and (2) that each defendant acted deliberately and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Howell*, 67 F.4th 302 (cleaned up).

The issue is whether the allegations in Plaintiff's Complaint state such a claim against any Defendant. For that analysis, the Court asks whether the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *Pro se* complaints are construed liberally in favor of the pleader, but they, too, must satisfy the "facial plausibility" standard articulated in *Twombly*. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89 (2007).

Under these standards, none of the allegations in Plaintiff's Complaint state a deliberate indifference claim against any Defendant.

For starters, Plaintiff's allegations that he "was not provided the right mental healthcare [sic] and . . . was not provided propper [sic] mental health meds," Compl., ECF No. 4, are conclusory, lack any factual support to rise to the level of plausibility, are not tied to a specific Defendant, and do not even mention the required mental state for a Fourteenth Amendment deliberate indifference claim. The same is true for his general allegation that he "was not provided propper [sic] dental health care for several months." *Id.*

Plaintiff's specific allegations against Dr. John E. Cain ("Dr. Cain") are that Dr. Cain "used more force than necessary to extract 4 teeth, and undertook treatment that should have been done by a 'specialist.'" Compl., ECF No. 4. Plaintiff alleges that Dr. Cain's treatment amounted to "medical malpractice," and he cites two cases analyzing medical malpractice claims under Pennsylvania state law. *Id.*

The allegation that Dr. Cain used more force than necessary when extracting Plaintiff's teeth is a mere legal conclusion that lacks any supporting facts. Further, the allegation that Dr. Cain performed work that should have been performed by a specialist, even if true, does not mean Dr. Cain ignored an objectively serious medical need of Plaintiff's by performing the work himself, let alone that his failure to retain a specialist was done in the face of an unjustifiably high risk of harm that should have been known. Plaintiff's allegations against Dr. Cain also fail to state a deliberate indifference claim under the Fourteenth Amendment because they allege only negligence or medical malpractice. *See, e.g., Brawner v. Scott Cty., Tenn.*, 14 F.4th 585, 598 (6th Cir. 2021) ("Mere negligence is insufficient."). For each of these reasons, the Complaint does not state a claim against Dr. Cain.

Similarly, Plaintiff's allegations that he reported his medical problems to Nurse Heather Johnson ("Nurse Johnson") and that she treated him but "did not do her job the right way," Compl., ECF No. 4, amount to allegations of, at best,

medical malpractice. They do not even allege that Nurse Johnson acted with the requisite mental state for a Fourteenth Amendment deliberate indifference claim.

Plaintiff alleges that Dr. Ron Williamson ("Dr. Williamson") was the "jail doctor," that Dr. Williamson provided the "wrong mental health treatment" to Plaintiff, and that Dr. Williamson failed to provide Plaintiff with antibiotics notwithstanding the fact that Plaintiff had swelling and infected teeth. Compl., ECF No. 4.

Even if Plaintiff's allegation that his teeth were infected and swollen suffice to state the objective prong of a Fourteenth Amendment deliberate indifference claim, *cf. McCarthy v. Place*, 313 F. App'x 810, 815–16 (6th Cir. 2008), they fail entirely to address the subjective prong. Indeed, the Complaint does not even allege that Dr. Williamson was *aware* of Plaintiff's swelling or infection. Thus, Plaintiff also fails to state a deliberate indifference claim against Dr. Williamson on the current facts alleged.

Plaintiff alleges that Lieutenant Phillip Childress ("Lt. Childress") delayed Plaintiff's appointments to Dr. Cain, keeping Plaintiff without treatment and in pain. Compl., ECF No. 4. Plaintiff further alleges that Lt. Childress knew about Plaintiff's medical problems at the time he delayed the appointments due to Plaintiff's grievances. *Id.*

But, the Complaint offers no details about the length of the delays[1] or whether the grievances sufficiently described the urgency of Plaintiff's medical issues such that Lt. Childress delayed scheduling "in the face of an unjustifiably high risk of harm that [wa]s either known or so obvious that it should be known." See Howell, 67 F.4th 302 (internal quotation marks and citation omitted).  As such, the Complaint fails to state a claim against Lt. Childress.

Finally, Plaintiff's allegations against Major Rick Shipp ("Major Shipp") likewise fail to state a deliberate indifference claim.  Plaintiff alleges that Major Shipp denied Plaintiff access to Plaintiff's medical files, in violation of a court order.  Compl., ECF No. 4.  He also alleges Major Shipp recorded Plaintiff's phone calls with his attorney.  Id.

Neither of these allegations even relate to an objectively serious medical need of Plaintiff's, nor do they touch upon the subjective prong of a deliberate indifference claim.

Plaintiff's final allegation, that Major Shipp "is allowing the neglect of inmate's health to not follow jail protocol by whatever subcontractors they have working on inmates," Compl., ECF No. 4 (cleaned up), is conclusory, not

---

[1] Although the Complaint alleges that Plaintiff was delayed access to proper dental care for "several months," Compl., ECF No. 4, it does not attribute that delay to any single Defendant.  In other words, based on the facts alleged, it is just as plausible that Lt. Childress delayed access to care for several months as that each individual Defendant's actions, together, resulted in Plaintiff not receiving the proper care for several months.

supported by any factual assertions, and is not even tied to Plaintiff's individual injuries.

Accordingly, even under the Fourteenth Amendment standard for pretrial detainees, Plaintiff's Complaint fails to state a deliberate indifference claim against any individual defendant.

Moreover, Plaintiff's objections offer no argument that the R&R erred in its conclusion regarding MCCF's status as a person for § 1983 purposes, the absence of *respondeat superior* liability under § 1983, or the inability to sue under § 1983 for perceived inadequate responses to grievances.

For the above reasons, Plaintiff's objection is **OVERRULED**. The R&R is **ADOPTED IN PART AND REJECTED IN PART**. Nonetheless, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**